## (May 20, 1980)

■ GLORIE FEINTUCH et al., Respondents, v BERNARD JACOBS et al., Appellants.—Order, Supreme Court, New York County, entered September 10, 1979, granting reargument of oral decision, and upon such reargument adhering to decision marking action "off calendar," is unanimously modified, on the law and the facts, and in the exercise of discretion, without costs, to the extent that defendants' motions to dismiss the action are granted. This is a medical malpractice action. The alleged medical malpractice is said to have occurred in 1969. This action was commenced in January, 1972. After considerable difficulties in obtaining disclosure from plaintiff, the action was finally placed on the calendar in October, 1977. A medical malpractice panel issued a finding of no liability. The case was set down for trial on April 18, 1979. On that date, plaintiffs' application for an adjournment was granted on a commitment from plaintiffs to proceed on April 20, 1979 and the case was marked "one juror deemed selected," so that as the Trial Judge said, "everyone would realize that they were actually on trial". On April 20, 1979, plaintiffs stated that "unfortunately due to circumstances not under our control," plaintiffs were unable to go forward that day and asked for "a minimum of ten days to two weeks to overcome the difficulty, if that is possible." Although the defendants requested that the action be dismissed, the court merely marked the action "off calendar" with a proviso that it could only be restored on a motion which would explain the reason for the delay in bringing the case on for trial and contain an affidavit of merit. Rule 660.5 (subd [c], par [3]) of the Rules of the Supreme Court, Bronx and New York Counties (22 NYCRR 660.5 [c] [3]), provides in part: "(3) No application for a postponement of the trial of a cause shall be entertained after the cause has been sent to a part for trial * * * If after a cause has been assigned either party is not actually ready for trial, a default shall be noted and the complaint dismissed or an inquest taken." (22 NYCRR 660.5 [c] [3].) While the court has discretion in a proper case to mark a case off the calendar or to impose terms rather than dismiss the complaint, some reason must be shown why the rule should not be applied and "the complaint dismissed or an inquest taken." The bald statement "circumstances not under our control" amounts to no statement of reason for not complying with the rule. In the circumstances, it was an improvident exercise of discretion for the trial court not to dismiss the complaint in this very old and delayed action. (Our check with the calendar clerk's office of the

Supreme Court indicates that the action had still not been restored to the calendar at the time of the consideration of this appeal, more than a year after the case had been marked off the calendar.) Concur—Murphy, P. J., Kupferman, Birns, Ross and Silverman, JJ.